**Amanpreet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70531.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 16, 2007.*

Filed Aug. 20, 2007.

Taz–Hai Huang, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Frank Noonan, Esq., Office of the U.S. Attorney, Portland, OR, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SILER,** THOMAS, and BEA, Circuit Judges.

### MEMORANDUM ***

Amanpreet Singh ("Singh"), a citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ made an adverse credibility finding and denied Singh's petition. Substantial evidence supports the IJ's decision; therefore, we deny review.

Where, as here, the BIA affirms the IJ's decision without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001). If the IJ's negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, this court is bound to accept that finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

The IJ found that Singh was not credible because of a number of inconsistencies in his testimony. The main inconsistency in Singh's testimony involves the status of his brother. Singh first stated that his family, including his brother, live in India, but later stated that his brother was dead. Because Singh had claimed his brother was murdered by the Indian police as evidence of persecution, the status of his brother is central to his claim of persecution. Furthermore, there were discrepancies in Singh's testimony about what year he began to have problems with the police. When Singh's alleged problems with the police began is central to his claim of persecution.

These inconsistences are substantial evidence of the IJ's credibility finding because these are issues that go to the heart of Singh's asylum claim. *Id.* We are thus bound to follow the IJ's credibility determination. *Id.*

Because Singh did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard of withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Singh also has failed to meet the standard for CAT relief. *See id.* at 1156–57.

**PETITION DENIED.**

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit R. 36–3.